IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CODY, *aka* Bobby Thompson, | ) | CASE NO. 1:18CV1787 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

On August 2, 2018, Petitioner John Cody filed a Federal Habeas Petition pursuant to 28 USC § 2254 (Doc. 1) and a 369-page brief in support of his Petition (Doc. 1-1). He later supplemented his brief, with leave of Court, to include two pages that he had inadvertently omitted. Doc. 9. Cody also filed a Motion for Stay and Abeyance of Proceedings (Doc. 6) and Motion to Amend Motion for Stay and Abeyance (Doc. 10).[1] Respondent filed an opposition to Cody's Motion for Stay that included a Motion for a More Definite Statement of Petitioner's Habeas Grounds. Doc. 12. Cody filed a reply to the opposition brief (Doc. 14) and an opposition brief to the motion for a more definite statement (Doc. 15).

For the reasons explained below, the Court **grants in part** and **denies in part** Respondent's motion for a more definite statement (Doc. 12). Cody's motion for stay and his related motion to amend motion to stay (Doc. 6, 10) are **denied** as premature.

## I. Background

For context, the Court recites brief background facts describing Cody's state court conviction as summarized by the Ohio Court of Appeals:

---

[1] Cody also filed a Motion to Amend Petition (Doc. 11). This Order does not resolve that motion, which remains pending.

1

> {¶ 2} This case arises from an investigation regarding the United States Naval Veteran's Association ("USNVA"), a charity organized and created by a person holding himself out to be Bobby Thompson. Through the investigation, it was discovered that the USNVA was a sham, fabricated by a person named John Donald Cody, who manipulated unsuspecting individuals across the United States to donate to this charity, unlawfully procuring millions of dollars.
>
> \* \* \*
>
> {¶ 4} As a result of the investigation, on October 13, 2010, Appellant was indicted in Cuyahoga C.P. No. CR–10–543025 on charges of engaging in a pattern of corrupt activity involving the USNVA, money laundering, and aggravated theft. In December 2010, another indictment was issued against Appellant in Cuyahoga C.P. No. CR–10–545577 on 22 additional charges, including engaging in a pattern of corrupt activity, aggravated theft, money laundering, tampering with records, and identity fraud.

*State v. Cody*, 34 N.E.3d 189, 191 (Oh. Ct. App. 2015). Cody maintained that, throughout the relevant time period, he was working for the CIA and had been lawfully assigned cover identities; this is what he refers to as his "CIA defense." *State v. Cody*, 2017 WL 1507211, at \*2 (Oh. Ct. App. April 21, 2017).

## II. Law and Analysis

### A. Respondent's Motion for a more definite statement

Cody's Memorandum in Support of his Petition is 371 pages long.[2] Most of his arguments pertain to his allegation that he was prevented (by the trial court, the prosecutor, and/or trial counsel) from raising his CIA defense at trial.

Respondent moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Respondent asserts that, due to Cody's voluminous filings, his "unnecessarily verbose and repetitive" recitations, and the difficulty in reading his filings because of the poor copy quality and handwritten modifications, it is a challenge for counsel to summarize the grounds, let alone assert defenses. Doc. 12, p. 3. In his opposition brief, Cody asserts that he has already provided a summary list of his grounds in the "7 pp. long" "index to habeas claims" portion of his brief in

---

[2] In addition to the 371 pages, Cody also attached 430 documents which appear primarily to be state court filings. Doc. 1-2 through Doc. 1-16.

support of his Petition. Doc. 15, p. 2. Cody's 7-page "Index of Habeas Claims" can be found at Doc. 1-1, pp. 9-15.

The Rules Governing Section 2254 apply in federal habeas cases. *Mayle v. Felix*, 545 U.S. 644, 648 (2005) ("Rule 2 of the Rules Governing Habeas Corpus Cases requires a more detailed statement" than the notice pleading requirements of Fed. R. Civ. Pro. 8(a)). Rule 2 of the Rules Governing Habeas Corpus Cases provides, in relevant part,

> (c) Form. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (4) be printed, typewritten, or legibly handwritten[.]

*Id*. Rule 2(d) provides that the petition must substantially follow either the form appended to the Rules or a form prescribed by a local district court rule. *See also Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990) ("We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief."); *Mills v. Larose*, 2015 WL 687829, at *11 (N.D. Ohio Feb. 18, 2015); *Smith v. Haskins*, 421 F.2d 1297, 1298 (6th Cir. 1970).

The Court finds that Cody has specified his grounds for relief and provided an adequate summary of these grounds in the "Index to Habeas Claims" section of his brief in support of his Petition, the seven pages he identifies as listing his habeas grounds. Doc. 15, p. 2; Doc. 1-1, pp. 9-15. In these seven pages, he provides a basic statement and supporting facts for each of his twelve grounds: Ground 1, "McCoy v. Louisiana Megaground," and Grounds 3-12. Thus, his Index to Habeas Claims complies with Rule 2 governing the form of petitions in habeas cases. The remainder of his brief in support does not comply.

Respondent's complaint that Cody's filings, including his 371-page brief in support of his Petition, are unnecessarily verbose, repetitive, and difficult to read is well-taken. Despite clearly listing his twelve grounds for relief in his Index, Cody's brief in support is a veritable snake nest of interwoven arguments, with repeated references to other portions of his brief and attempts to incorporate other filings. *See, e.g.*, Doc. 1-1, pp. 72, 344; *Adams*, 897 F.2d at 333 ("Appellant's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review."). Additionally, his brief includes vast, single-spaced, footnoted passages with handwritten corrections and additions that are, at times, illegible. See, e.g., Doc. 1-1, pp. 343, 346-347. His brief does not clarify the issues; it muddies them.

In short, the bulk of Cody's brief in support of his Petition (Doc. 1-1, pp. 1-8, 16-369, Doc. 9) is mere surplusage and is hereby stricken. The index portion of Cody's brief (Doc. 1-1, pp. 9-15) lists his twelve grounds for relief and is the operative pleading in this case. Cody will have an opportunity to provide argument and legal authority in support of his grounds for relief when the time comes for him to file his Traverse.

**B. Cody's Motion for Stay and Abeyance**

A "mixed" petition for habeas corpus relief is one in which a habeas petition contains some claims that have been exhausted in the state courts and some that have not. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or, under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies, *Rhines*, 544 U.S. at 277. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Even if "good cause" is shown, before granting a stay

4

a court must consider whether the unexhausted claims are potentially meritorious and whether the petitioner did not engage in dilatory litigation tactics. *Id*. at 277-278.

In his Motion for Stay and Abeyance of Proceedings (Doc. 6) Cody asks that his case be stayed so that he can exhaust "two 'sets' of Ohio state court 'actions' now pending in the state courts": a post-conviction petition and a motion to correct the record. Doc. 6-1, p. 3. He also states that he may seek to amend his petition to include claims "'stemming out of' one or more of the 4 'cases' covered in this motion for stay and abeyance[.]" Doc. 6-1, p. 6. He explains that these cases "buttress" the grounds in his Petition and grounds that may be filed in an amended petition relevant to his claim that he was prevented from maintaining a CIA defense at trial, per the rule in *McCoy v. Louisiana*. Doc. 6-1, pp. 5-6.

Respondent does not oppose Cody's request for a stay in principle as to the grounds alleged in the Petition, but admits that counsel has not yet been able to obtain the full state court record "due to the sheer volume of litigation" or ascertain whether any of Cody's grounds are, in fact, unexhausted. Doc. 12, p. 13.

Cody's motion for stay is denied because it is premature. First, Cody does not identify what grounds in his Petition are unexhausted. Neither the Court nor Respondent can ascertain what grounds may be unexhausted at this time. Furthermore, the bulk of Cody's motion for stay involves claims that he has not asserted in his Petition but that he seeks to assert in an amended petition. The Court has not yet ruled on Cody's motion to amend his petition. If and when it is established that any grounds for relief properly before the Court are unexhausted, Cody may refile his motion to stay, identifying the specific grounds he claims are unexhausted. Because the Court denies Cody's motion for stay as premature, his motion to amend his motion for stay is denied as moot.

**C. Future filings**

Cody is hereby warned that substantive legal and factual arguments shall not be presented in footnotes, and footnotes should be used sparingly. His filings shall set forth all facts, arguments and authorities as to each specific ground for relief and may not incorporate by reference other portions of the same brief or other briefs. The Court, in its discretion, will disregard any footnoted passages that do not comply with this Order and will disregard improper attempts to make wholesale incorporations by reference of other motions, briefs, or filings.[3]

### III. Conclusion

For the reasons stated above, the Court issues the following Orders:

- Respondent's motion for a more definite statement (Doc. 12) is **GRANTED in part and DENIED in part**. Cody's "Index to Habeas Claims" (Doc. 1-1, pp. 9-15) states his twelve grounds and supporting facts and is the operative pleading in this case. Cody's brief in support of his Petition (Doc. 1-1, pp. 1-8, 16-369 and Doc. 9) is hereby stricken.

- Cody's Motion for Stay and Abeyance (Doc. 6) is **DENIED** as premature and his related Motion to Amend Motion for Stay and Abeyance (Doc. 10) is **DENIED** as moot.

- With respect to future filings in this case: Cody is warned that substantive legal and factual arguments shall not be presented in footnotes, and footnotes should be used sparingly. The filings in this case shall set forth all facts, arguments and authorities as to each specific ground for relief and may not incorporate by reference other portions of the same brief or other briefs. The Court, in its discretion, will disregard any footnoted passages that do not comply with this

---

[3] For example, in his motion to amend motion for stay, Cody requests the Court incorporate his motion for stay into his Petition (Doc. 10, p. 2). See also Doc. 1-1, p. 72 (Cody's attempt to incorporate by reference other portions of his brief as well as other motions, briefs, or filings).

Order.  The Court will disregard improper attempts to make wholesale incorporations by reference of other motions, briefs, or filings.

IT IS SO ORDERED.


Dated: April 2, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge