IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CODY, *aka* Bobby Thompson, | ) | CASE NO. 1:18CV1787 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Pending before the Court are pro se petitioner John Cody's Supplemental Motion for Stay and Abeyance (Doc. 19) and Motion to Amend Compliant (Doc. 20). In both filings, Cody seeks relief from the Court relevant to his desire to add another ground for relief in his habeas petition based on *Timbs v. Indiana*, -- U.S. --, 139 S.Ct. 682 (2019). Respondent opposes Cody's requests, arguing that any ground for relief pursuant to *Timbs*, which held that the Excessive Fines Clause of the Eighth Amendment is incorporated by the Fourteenth Amendment and applicable to the states, would be futile because federal habeas corpus relief is not available for non-custodial claims alleging excessive fines. Doc. 31, pp. 2-4. As explained more fully below, the undersigned agrees that a claim based on *Timbs* would be futile and recommends that the Court deny Cody's motions.

A court considers the futility of a habeas claim when determining whether to grant a petitioner leave to amend the petition to add the claim and when determining whether a petitioner is entitled to a stay of the federal habeas proceedings while the petitioner exhausts an unexhausted claim in state court. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Fed. R. Civ. P. 15 governs the amendment of pleadings in civil cases and applies to federal habeas corpus

1

proceedings); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (under Rule 15, a habeas court considers, among other things, the futility of amendment); *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005) (when considering whether to stay a habeas petition with exhausted and unexhausted claims, a court must consider whether the unexhausted claims are potentially meritorious).

Here, Cody seeks leave to amend his petition to add a ground for relief based on *Timbs*. Doc. 20. And, because such a claim has not been exhausted in state court, he requests a stay in this case so he can exhaust his claim in state court. Doc. 19. His *Timbs* claim is based on his allegation that the trial court imposed a $6 million fine, approximately $300,000 in court costs, and seized $980,500 of his assets (cash found in a suitcase), in violation of the Excessive Fines clause of the Eighth Amendment. Doc. 20, p. 1; Doc. 19-1, p. 3. He contends that these actions violate the Eighth Amendment because they have left him destitute and serve no remedial purpose. Doc. 19-1, p. 6.

In *Timbs*, the State of Indiana initiated a civil forfeiture proceeding for a vehicle owned by Timbs, who had pleaded guilty in state court to dealing in a controlled substance and conspiracy to commit theft. 139 S.Ct. at 686. Timbs had paid $42,000 for the vehicle, money from an insurance policy he received when his father died. *Id*. The trial court denied the state's forfeiture demand because the cost of the vehicle far exceeded the $10,000 maximum penalty for Timb's drug offense and was unconstitutional under the Eighth Amendment's Excessive Fines Clause. *Id*. The state appellate court affirmed, but the Indiana Supreme Court reversed, finding that the Excessive Fines Clause did not apply to the states. *Id*. The United States Supreme Court reversed, holding that the Eighth Amendment's Excessive Fines Clause does apply to the states through the Fourteenth Amendment. *Id*. at 687.

Cody's claim pursuant to *Timbs* is not cognizable on federal habeas review because federal habeas review may only be used to challenge the legality of an inmate's custody. *See* 28

U.S.C. § 2254(a) ("[A federal] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Preiser v. Rodriguez*, 411 U.S. 475, 484-486 (1973) (discussing the long history of habeas corpus relief, concluding, "in each case [the petitioner's] grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement."); *Washington v. McQuiggin*, 529 Fed. App'x 766, 772-773 (6th Cir. 2013) (fines and restitution orders, generally speaking, fall outside the scope of federal habeas review because they do not satisfy the "in custody" requirement, citing cases and treatises); *Mitchell v. Woods*, 2017 WL 6820127, at *3 (6th Cir. June 26, 2017) (same). Therefore, his claim based on *Timbs* is not cognizable. Accordingly, it would be futile to permit him to amend his petition to add this claim and to stay the proceedings to permit him to exhaust it.

Moreover, even if habeas relief could be available on a claim challenging restitution and fines, Cody's claim would fail because the undersigned has located no authority finding that the holding in *Timbs* has been made retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("We thus conclude that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Therefore, a claim based on *Timbs* would be without merit on collateral, federal habeas review.

In sum, the undersigned recommends that the Court DENY Cody's Supplemental Motion for Stay and Abeyance (Doc. 19) and Motion to Amend Compliant (Doc. 20).

Dated: January 7, 2020

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).