# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **John Cody,**<br>**aka Bobby Thompson** | Case No. 1:18cv1787 |
| **Petitioner,** | **JUDGE PAMELA A. BARKER** |
| -vs- | **Magistrate Judge Kathleen B. Burke** |
| **Ed Sheldon, Warden,** | |
| **Respondent** | **MEMORANDUM OPINION AND ORDER** |

Petitioner John Cody, aka Bobby Thompson, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 concerning his state court conviction in the matter of *State v. Thompson*, Cuyahoga County Court of Common Pleas Case No. CR-12-565050-A. (Doc. No. 1.) This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke (Doc. No. 60), which recommends the denial of Cody's Supplemental Motion for Stay and Abeyance (Doc. No 19) and Motion to Amend Complaint (Doc. No. 20). Cody has filed Objections to the R&R. (Doc. No. 61.) In addition, Cody has filed Objections (Doc. Nos. 27, 54) to the following Orders issued by Magistrate Judge Burke: (1) an April 2, 2019 Memorandum Opinion & Order (Doc. No. 18) striking certain portions of Cody's Petition and denying his Motion for Stay (Doc. 6) as premature; and (2) several September 12, 2019 non-document Orders limiting the length of Cody's Traverse to 55 pages and denying his motion for "intra-traverse references."

For the following reasons, Cody's Objections (Doc. Nos. 27, 54, 61) are overruled. The Magistrate Judge's Report & Recommendation (Doc. No. 60) and Orders (Doc. No. 18; 9/12/19 non-

document orders) are ACCEPTED; and Cody's Supplemental Motion for Stay (Doc. No. 19) and Motion to Amend Complaint (Doc. No. 20) are hereby DENIED.

I. **Relevant Procedural History**[1]

The following is a brief summary of the facts describing Cody's state court conviction as summarized by the Ohio Court of Appeals:

> {¶ 2} This case arises from an investigation regarding the United States Naval Veteran's Association ("USNVA"), a charity organized and created by a person holding himself out to be Bobby Thompson. Through the investigation, it was discovered that the USNVA was a sham, fabricated by a person named John Donald Cody, who manipulated unsuspecting individuals across the United States to donate to this charity, unlawfully procuring millions of dollars.
>
> {¶ 3} In mid–2010, the state of Ohio began its investigation into the USNVA after a story was published in the St. Petersburg Times that the charity was fictitious. Through its investigation, the state revealed that Ohio residents had been solicited by various professional fundraisers contracted by USNVA to donate money to the USNVA. It was discovered that approximately $2 million was solicited on behalf of the USNVA from resident-donors in the state of Ohio.
>
> {¶ 4} As a result of the investigation, on October 13, 2010, Appellant was indicted in Cuyahoga C.P. No. CR–10–543025 on charges of engaging in a pattern of corrupt activity involving the USNVA, money laundering, and aggravated theft. In December 2010, another indictment was issued against Appellant in Cuyahoga C.P. No. CR–10–545577 on 22 additional charges, including engaging in a pattern of corrupt activity, aggravated theft, money laundering, tampering with records, and identity fraud.
>
> {¶ 5} A warrant was subsequently issued for Appellant's arrest. In April 2012, Appellant was finally apprehended in the state of Oregon. After Appellant was in custody in Ohio, a new indictment was issued against him in July 2012, Cuyahoga C.P. No. CR–12–565050. Appellant was charged with one count each of engaging in a pattern of corrupt activity pertaining to the criminal enterprise of the USNVA, complicity to commit theft, tampering with records, complicity to tamper with records, identity fraud (a felony of the second degree), and possessing criminal tools; and seven counts of complicity to commit money laundering, and 11 counts of identity fraud (felonies of the fifth degree). The previous indictments issued in Case Nos. CR–10–543025 and CR–10–545577 were dismissed and the surviving indictment in Case No.

---

[1] The Court's recitation of the relevant procedural history is not intended to be exhaustive. Rather, the Court will set forth only that procedural history necessary to a resolution of the pending Objections.

2

> CR–12–565050 ultimately was tried before a jury that heard testimony from 47 witnesses and viewed over 200 exhibits.
>
> {¶ 6} At the close of evidence, the court granted Appellant's renewed Crim.R. 29 motion for judgment of acquittal as it pertained to Count 24, possessing criminal tools. The court concluded that the state of Ohio lacked jurisdiction to pursue this charge because, although the criminal tools were found in Appellant's possession when he was arrested, they were located in the state of Oregon.
>
> {¶ 7} The jury returned a guilty verdict on the 23 remaining counts. After considering merger, the trial court imposed a total sentence of 28 years in prison and ordered that Appellant spend every Veteran's Day in solitary confinement.

*State v. Cody*, 34 N.E.3d 189, 191 (Oh. Ct. App. 8th Dist. 2015).

Cody challenged his conviction and sentence on direct appeal on various grounds. On June 11, 2015, the state appellate court determined that the State of Ohio did not have jurisdiction over the 11 counts of identity fraud contained in Counts 13 through 23 of the indictment. *State v. Cody*, 34 N.E.3d at 191-196. The court vacated Cody's convictions on those counts and remanded for "a new judgment entry of conviction to reflect that Counts 13 through 23 are vacated, including [Cody's] 12-month total sentence imposed for these offenses." *Id*. at 196. In addition, the trial court was ordered to vacate the imposition of solitary confinement on Veteran's Day. *Id*. In all other respects, Cody's convictions and sentence were affirmed. *Id.* Cody timely appealed to the Supreme Court of Ohio, which declined jurisdiction on October 28, 2015. (Doc. No. 42-1, Exh. 56.)

Over the years, Cody filed a number of post-conviction petitions, all of which were denied. (Doc. No. 42-1, Exh. 60; Doc. No. 42-2, Exhs. 64, 65, 69; Doc. No. 42-3, Exhs. 83, 87, 88, 89, 90.) In addition, Cody filed an Application to Reopen Direct Appeal pursuant to Ohio App. R. 26(B), in which he raised numerous claims of ineffective assistance of appellate counsel. (Doc. No. 42-3; Exh. 74.) Cody's 26(B) Application was denied on April 21, 2017, and the Supreme Court of Ohio declined jurisdiction on July 26, 2017. (Doc. No. 42-3, Exhs. 77, 81.) In his many post-judgment

filings, Cody argued (among other things) that, throughout the relevant time period, he was working for the CIA and had been lawfully assigned cover identities. *State v. Cody*, 2017 WL 1507211 at *2 (Oh. Ct. App. April 21, 2017). This is what Cody refers to as his "CIA defense." *Id*.

On April 10, 2019, Cody filed a Petition to Vacate or Set Aside Judgment of Sentence on the basis of the United States Supreme Court's decision in *Timbs v. Indiana*, 139 S.Ct. 682 (2019). (Doc. No. 42-4, Exh. 97.) The state trial court denied the Petition on April 15, 2019. (Doc. No. 42-4, Exh. 98.) Although not entirely clear from the docket, it appears that Cody filed a notice of appeal from this judgment on August 19, 2019. *See State v. Cody*, Cuyahoga County Court of Common Pleas Case No. CR-12-565050-A.

On July 24, 2018,[2] Cody filed a *pro se* Petition for Writ of Habeas Corpus in this Court. (Doc. No. 1.) Attached to this Petition is a "Memorandum in Support," which is 369 pages in length. (Doc. No. 1-1.) The first seven pages of the Memorandum is a Table of Contents, which is then followed by an "Index to Habeas Claims." (*Id.* at PageID#s 9-15, 16-22.) The "Index" identifies thirteen (13) specific habeas claims and provides a brief description of each claim. (*Id*. at PageID #: 16-22.) The remaining 350 pages of Cody's Memorandum in Support of Petition consists of an extensive discussion of the factual allegations, law, and legal argument relating to each of his thirteen claims.[3] (*Id*. at PageID#s 23-376.) Cody subsequently filed several motions, including Motions to Amend Petition and Motions for Stay and Abeyance. (Doc. Nos. 4, 6, 10.)

---

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until August 2, 2018, Cody states that he placed it in the prison mailing system on July 24, 2018. (Doc. No. 1 at PageID# 7.) Thus, the Court will consider the Petition as filed on July 24, 2018.

[3] In addition, Cody attached 421 pages of Exhibits to his Petition, consisting of various state court records. (Doc. Nos. 1-4 through 1-16.)

4

On December 17, 2018, Respondent filed a Motion requesting that Cody be ordered to file a "brief definite statement providing a concise-summary list of the constitutional grounds for relief he intended to plead in his initial habeas petition." (Doc. No. 12.) Respondent argued that "Counsel's cursory review of Cody's habeas filings reveal they are unnecessarily verbose and repetitive, and are physically difficult to read due to Cody's handwritten modifications and poor copy quality," making it "a challenge for the undersigned counsel to simply summarize the proposed constitutional grounds Cody is attempting to raise in this case, let alone develop the Warden's defenses." (*Id.* at p.3.)

On April 2, 2019, Magistrate Judge Burke issued a Memorandum Opinion & Order, in which she concluded as follows:

> The Court finds that Cody has specified his grounds for relief and provided an adequate summary of these grounds in the "Index to Habeas Claims" section of his brief in support of his Petition, the seven pages he identifies as listing his habeas grounds. Doc. 15, p. 2; Doc. 1-1, pp. 9-15. In these seven pages, he provides a basic statement and supporting facts for each of his twelve grounds: Ground 1, "McCoy v. Louisiana Megaground," and Grounds 3-12. Thus, his Index to Habeas Claims complies with Rule 2 governing the form of petitions in habeas cases. The remainder of his brief in support does not comply.
>
> Respondent's complaint that Cody's filings, including his 371-page brief in support of his Petition, are unnecessarily verbose, repetitive, and difficult to read is well-taken. Despite clearly listing his twelve grounds for relief in his Index, Cody's brief in support is a veritable snake nest of interwoven arguments, with repeated references to other portions of his brief and attempts to incorporate other filings. See, e.g., Doc. 1-1, pp. 72, 344; Adams, 897 F.2d at 333 ("Appellant's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review."). Additionally, his brief includes vast, single-spaced, footnoted passages with handwritten corrections and additions that are, at times, illegible. See, e.g., Doc. 1-1, pp. 343, 346-347. His brief does not clarify the issues; it muddies them.
>
> In short, the bulk of Cody's brief in support of his Petition (Doc. 1-1, pp. 1-8, 16-369, Doc. 9) is mere surplusage and is hereby stricken. The index portion of Cody's brief (Doc. 1-1, pp. 9-15) lists his twelve grounds for relief and is the operative pleading in this case. Cody will have an opportunity to provide argument and legal authority in support of his grounds for relief when the time comes for him to file his Traverse.

(Doc. No. 18 at pp. 3-4.) In addition, the Magistrate Judge denied Cody's Motions for Stay and Abeyance as premature. (*Id*. at p. 5.)

Cody filed an Objection on April 19, 2019. (Doc. No. 27.) In addition, he filed a slew of motions, including a supplemental motion for stay and abeyance, a motion to amend complaint, two motions for amended order, a motion for provision of copies of court records, a motion for service of pleadings, a motion for relief from order, a motion to withdraw motion to amend petition, and a motion for appointment of counsel. (Doc. Nos. 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30.)

On July 23, 2019, Magistrate Judge Burke issued a series of Orders addressing Cody's many motions. She denied his motion for appointment of counsel and denied several of his other motions as premature. (Doc. No. 36, 37.) The Magistrate Judge further observed as follows:

> Based on his vigorous filings and motions to amend/supplement his Petition, it is clear that Cody is operating under the mistaken belief that his federal habeas petition is open to routine modification. It is not. Moreover, this case cannot proceed so long as Cody keeps attempting to modify his Petition to add/subtract/modify grounds for relief. Accordingly, the Court will not entertain any further motions by Cody at this time.

(Doc. No. 37 at p. 2.) However, she gave Cody 14 days to file a document, no more than two pages in length, setting forth the six grounds for relief he sought to add to his Petition in his Motion to Amend. (*Id*. at p. 3.) Lastly, the Magistrate Judge found that Cody was a vexatious litigant and enjoined him from filing any new motions in this case with the exceptions of motions for leave to file, as directed in that Order. (Doc. No. 38.)

On July 31, 2019, Cody filed a document captioned "Additional Grounds" that added five additional grounds for relief. (Doc. No. 41.) Respondent filed his Return of Writ, along with the state court record, on August 6, 2019. (Doc. No. 42.)

In August and September 2019, Cody filed numerous Motions for Leave to File certain Motions, including motions for leave to file motions for stay and abeyance, an expanded record, to correct the record, and to make "intra-traverse incorporations." (Doc. Nos. 44, 45, 47, 49, 50, 51, 52, 53.) On September 12, 2019, the Magistrate Judge denied Cody's motions in a series of non-document orders. The Magistrate Judge did, however, allow Cody additional time to file his Traverse and stated that it "shall be no more than 55 pages long."

On September 23, 2019, Cody filed an Objection to the Magistrate Judge's non-document orders (1) limiting the page length of his Traverse to 55 pages; (2) denying his Motion for "intra-traverse references;" and (3) denying his request to expand the habeas record to include his Motion for New Trial. (Doc. No. 54.) Cody thereafter filed his Traverse on December 9, 2019. (Doc. No. 57.)

On January 7, 2020, the Magistrate Judge issued a Report & Recommendation, in which she recommended that the Court deny Cody's Supplemental Motion for Stay and Abeyance (Doc. No. 19) and Motion to Amend Complaint (Doc. No. 20). (Doc. No. 60.) Cody filed an Objection on January 22, 2020. (Doc. No. 61.)

On January 24, 2020, Cody filed a Motion for Permission to file a Motion to Amend Petition. (Doc. No. 62.) Respondent filed a Brief in Opposition on January 31, 2020. (Doc. No. 63.)

**II.     Standard of Review**

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc*., 2013 WL 992125 at *6 (S.D. Oh. Mar. 13, 2013). *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Rather, the Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Curtis*, 237 F.3d at 603; *Alvarado v. Warden, Ohio State Penitentiary*, 2018 WL 5783676 at * 1 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, 2019 WL 5729919 at * 2 (N.D. Ohio Nov. 5, 2019).

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co*., 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

8

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

### III. Analysis

#### A. Objection to Magistrate Judge's Orders striking parts of the Petition and limiting length of Traverse

Cody first objects to the Magistrate Judge's April 2, 2019 Memorandum Opinion & Order (Doc. No. 18) in which she granted, in part, Respondent's Motion for More Definite Statement and struck from his Petition all but the "Index to Habeas Claims" set forth on PageID#s 16-22. (Doc. No. 27.) Cody asserts that the Magistrate Judge's Order is clearly erroneous and contrary to law. (*Id.*) Specifically, he maintains that the Magistrate Judge's finding that the bulk of his Memorandum in Support constitutes "mere surplusage" is clearly erroneous because, in fact, his Memorandum sets forth important factual and legal arguments that are not contained in the Index. (*Id.*) Cody further argues that the Magistrate Judge's Order is contrary to law because it leaves only the Index, which does not provide the factual or other information he believes is required by 28 U.S.C. § 2242 and Habeas Rule 2. (*Id.*) Finally, Cody argues that the striking of his Memorandum of Law violates his due process rights because it deprives him of a "meaningful opportunity to demonstrate that he is being held" in violation of the United States Constitution. (*Id.* at p. 8-9.)

Under Habeas Rule 2(c), a habeas petition must:

(1)  specify all the grounds for relief available to the petitioner;

(2)  state the facts supporting each ground;

9

(3)  state the relief requested;

(4)  be printed, typewritten, or legibly handwritten; and

(5)  be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. 2242.

Rules Governing Section 2254 Cases, Hab. Rule 2(c). Courts have found that, to comply with this Rule, a habeas petitioner must give sufficiently detailed facts to enable the court to determine "from the face of the petition alone" whether the petition merits further review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). *See also Jackson v. Smith*, 2011 WL 3566646 at * 4 (N.D. Ohio June 13, 2011). However, this Rule was not intended to allow habeas petitioners to submit unduly lengthy and convoluted petitions. *See United States v. Matsa*, 2017 WL 4469120 at * 11 (S.D. Ohio Oct. 6, 2017) ("An unduly lengthy submission violates Habeas Rule 2(d).") (quoting *Sellers v. United States*, 2014 WL 340598 at *2 (D. New Jersey Jan. 30, 2014) (internal quotation and citation omitted)). Indeed, as one federal court within this Circuit has explained, "the Rules governing habeas corpus proceedings do not permit habeas litigants 'to submit voluminous filings asserting multitudes of claims conflated into numerous Hydra-like umbrella challenges.'" *Matsa*, 2017 WL 4469120 at * 11 (quoting *Sellers*, 2014 WL 340598 at * 2)).

The Court finds that the Magistrate Judge's Order striking all but the Index to Cody's Petition is not clearly erroneous or contrary to law. Cody's 350-page Memorandum of Law in support of his Petition is unduly lengthy and convoluted, and far exceeds what is required under Habeas Rules 2(c) and (d). Moreover, the Court rejects Cody's argument that the Magistrate Judge's Order violates his due process rights. The Index to Cody's Petition is seven pages in length and sets forth 13 distinct grounds for relief. In addition, as set forth above, the Magistrate Judge allowed Cody to add an

10

additional five grounds for relief, raising the number of his habeas grounds to 18. (Doc. Nos. 37, 41.) Finally, Cody was permitted to (and did) file a lengthy, 55-page Traverse, in which he had a full and complete opportunity to argue each of his claims and respond to the arguments set forth in the Return. (Doc. No. 57.)

Accordingly, the Court finds no clear error in the Magistrate Judge's Order striking all but the seven-page Index to Cody's Petition. Moreover, the Court rejects Cody's Objection (Doc. No. 54) to the Magistrate Judge's non-document Orders limiting the length of his Traverse to 55 pages and not permitting him to use "intra traverse" references. Cody's objection regarding the length of his Traverse is predicated on the argument that (according to his calculations) his handwritten Traverse only allowed him to assert approximately 170 words per page, whereas the Respondent's typewritten Return contained approximately 350 words per page. (*Id*. at p. 2.) The Court finds this argument to be without merit. The record reflects that Cody, in fact, submitted a typewritten Traverse; thus, any alleged inequity in word count is now moot.[4] Moreover, it was not clear error or contrary to law for the Magistrate Judge to deny Cody's request to use "intra-traverse references." Cody was permitted the same number of pages in the Traverse to present his arguments, as the Respondent was permitted in his Return. The Magistrate Judge did not clearly err in rejecting Cody's attempt to circumvent those page restrictions via the use of "intra-traverse references." [5]

---

[4] Moreover, while the Return is double spaced and in 12 point font, the Court notes that Cody's Traverse appears to be 10 point font and 1.5 spacing, which is not in keeping with this Court's practice. Thus, any argument that Cody was somehow disadvantaged vis-à-vis the Respondent is entirely without merit.

[5] Cody also objects to the Magistrate Judge's non-document order summarily denying his "request (Doc. No. 50) for inclusion in the habeas record of his In Limine Motion for New Trial." (Doc. No. 54 at p. 4.) Cody argues that his amended habeas claims 16 and 17 "were made and included . . . in the inherent context of that motion. To leave that motion record out of consideration leaves a record clearly relevant out of consideration." (*Id*.) Cody's Objection is overruled. Cody does not explain which "In Limine Motion for New Trial" he is referring to, or otherwise sufficiently identify the specific post-judgment motion that he wishes to be included in the habeas record. Moreover, the Court notes

Accordingly, Cody's Objections (Doc. Nos. 27, 54) are overruled.

**B.     Objection regarding Magistrate Judge's denial of Cody's Motions to Amend and for Stay and Abeyance**

Cody next objects to the Magistrate Judge's January 7, 2020 Report & Recommendation that his Motion to Amend Complaint and Supplemental Motion for Stay and Abeyance be denied. (Doc. Nos. 19, 20, 60.)

In his Motion to Amend (filed April 10, 2019), Cody seeks leave to amend his Petition to raise a claim based on *Timbs v. Indiana*, 139 S.Ct. 682 (2019), which held that the Excessive Fines Clause of the Eighth Amendment is incorporated by the Fourteenth Amendment and applicable to the States. (Doc. No. 20.) He notes that, as part of his sentence, the state trial court imposed a fine of $6,000,000 and court costs of $300,000; and the seizure of cash assets in the amount of $980,500. (*Id.*) Cody argues that *Timbs* now makes clear that the trial court's order is in violation of the prohibition against excessive fines set forth in the Eighth Amendment. (*Id.*) Cody's Motion for Stay asks that the Court stay the instant action while he exhausts this claim in state court. (Doc. No. 19.)

On January 7, 2020, the Magistrate Judge issued a R&R in which she recommended that both Motions be denied. (Doc. No. 60.) The Magistrate Judge concluded that Cody's claim pursuant to *Timbs* is not cognizable because federal habeas relief is not available for non-custodial claims alleging excessive fines. (*Id.* at 2-3.) The Magistrate Judge further concluded that, even if habeas relief could be available on a claim challenging restitution and fines, Cody's claim would fail because "the

---

that, in support of this Objection, Cody cites to "Doc. 50," which is his "Motion for Leave to File Request for Expanded Record Pertaining to Pre-Trial Motions." (Doc. No. 50.) That motion, however, does not seek leave to expand the record to include an "In Limine Motion for New Trial." Rather, Cody's Motion (Doc. No. 50) seeks leaves to expand the record to include an "Ex Parte Motion for Medical Attention of the Defendant" and a document referred to as "State of Ohio Motion in Limine: Defense Claim of Lawful Purpose." (Doc. No. 50 at p. 3.) In sum, Cody's Objection is unclear and confusing. It is, therefore, overruled.

undersigned has located no authority finding that the holding in *Timbs* has been made retroactive to cases on collateral review." (*Id*. at 3.)

Cody filed an Objection on January 22, 2020. (Doc. No. 61.) Therein, he asserts that his intent was to seek leave to amend his Petition to raise a claim of ineffective assistance of trial counsel based on the Supreme Court's decision in *Timbs*. (*Id*. at p. 2.) Cody explains:

> ….Cody should be permitted to amend the statement of the *Timbs*-based claim to reinstate it as a sub-claim to Cody's existing petition ineffective [] of trial counsel claims 4 and 16/17 as found in Cody's concurrently filed motion to amend *Timbs*-related claim. This restatement, while relating to back to [his motion to amend], does change the nature of the habeas claim to an ineffectiveness of Cody's appointed trial and sentencing counsel for failure to raise, as a sub-claim to Cody's existing ineffectiveness of trial counsel petition claims 4 and 16/17, Cody's financial inability to pay fines or court costs and the inappropriateness of the forfeiture of Cody's $980,500 by the State . . . because that money constituted Cody's life-savings from lawfully, patriotically and nobly working as a non-official cover [sic] covert operational office of, and for, the Central Intelligence Agency since 1967, because of sentencing counsel's refusal to affirmatively present evidence of that CIA affiliation, the same well of fact about trial counsel ineffectiveness of trial counsel existing claims 4 and 16/17 spring. The change would make the claim, now a sub-claim, no longer a [non-cognizable] "ground . . . pursuant to *Timbs*."

(*Id*. at pp. 2-3.)

Cody's Objection is overruled. As an initial matter, in his Motion to Amend (Doc. No. 20), Cody sought leave to raise a claim based directly on *Timbs*, which the Magistrate Judge found is non-cognizable on federal habeas review. Cody did not clearly seek leave to amend to raise a claim of *ineffective assistance of counsel* based on *Timbs*; i.e., a claim based on the failure of trial counsel to argue that the state court's fine and restitution orders violated the Excessive Fines Clause of the Eighth Amendment. A habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge. *See e.g., Crockett v. Sloan*, 2017 WL 1050364 at * 3 (N.D. Ohio Mar. 20, 2017) ("Petitioner cannot raise new claims or arguments in an objection when

13

those claims or arguments were never presented to the magistrate judge."); *Thompson v. Hooks*, 2016 WL 8674655 at * 2 (N.D. Ohio Sept. 30, 2016); *Roark v. Meko,* 2013 WL 3107654 at * 3 (E.D. Ky. June 17, 2013). Accordingly, the Court will not consider Cody's arguments relating to his new, proposed ineffective assistance of trial counsel "*Timbs*-related" claim in the context of this Objection, as they were not properly asserted before the Magistrate Judge.

With regard to the *Timbs* claim that Cody did seek to raise in his Motion to Amend (Doc. No. 20) (i.e., his claim that his sentence violated the Excessive Fines Clause of the Eighth Amendment), the Court agrees with the Magistrate Judge that such claim is not cognizable on federal habeas review. Fines and restitution orders generally "fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington v. McQuiggin*, 529 Fed. Appx 766, 773 (6th Cir. 2013). Even if a habeas petitioner is also subject to custodial penalties at the time, "collateral relief from a noncustodial punishment, such as a fine or restitution order," is not readily available to him in a habeas corpus action. *Id*. (quoting Brian R. Means, Federal Habeas Manual § 1:21 (2012 ed.)). *See also United States v. Watroba*, 56 F.3d 28 (6th Cir. 1995) (holding that § 2255 does not grant subject matter jurisdiction over restitution orders); *Michaels v. Hackel*, 491 Fed. Appx. 670, 671 (6th Cir. 2012) (stating that a fine is not cognizable under § 2254 and citing *Watroba*, 56 F.3d at 29)); *McCray v. Chapman*, 2020 WL 514930 at * 2 (E.D. Mich. Jan. 31, 2020). Thus, the Court agrees with the Magistrate Judge that it would be futile to allow Cody to amend his Petition to add this claim and to stay the proceedings to permit him to exhaust it.

Accordingly, and for all the reasons set forth above, Cody's Objection (Doc. No. 61) is overruled. The R&R (Doc. No. 60) is accepted and Cody's Motions to Amend (Doc. No. 20) and for Stay and Abeyance (Doc. No. 19) are denied.[6]

## IV. Conclusion

For the foregoing reasons, Cody's Objections (Doc. Nos. 27, 54, 61) are overruled. The Magistrate Judge's Report & Recommendation (Doc. No. 60) and Orders (Doc. No. 18; 9/12/19 non-document orders) are ACCEPTED; and Cody's Supplemental Motion for Stay and Abeyance (Doc. No. 19) and Motion to Amend Complaint (Doc. No. 20) are hereby DENIED.

**IT IS SO ORDERED.**

Date: March 5, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[6] Cody also objects to the Magistrate Judge's denial of his September 13, 2018 Motion for Stay and Abeyance (Doc. No. 6), as premature. (Doc. No. 27 at pp. 12-18.) Cody's objection is overruled. At the time he filed this particular Motion for Stay and Abeyance, the Petition had only just been filed the previous month. The Return had not yet been filed, and the Magistrate Judge did not, therefore, have the benefit of the entire state court record. After reviewing Cody's Motion (Doc. No. 6), the Magistrate Judge noted that "neither the Court nor Respondent can ascertain what grounds may be unexhausted at this time." (Doc. No. 18 at p. 5.) Thus, the Magistrate Judge denied Cody's Motion for Stay and Abeyance as premature and ordered that "if and when it is established that any grounds for relief properly before the Court are unexhausted, Cody may refile his motion to stay, identifying the specific grounds he claims are unexhausted." (*Id.*) The Court finds that, under the circumstances, the Magistrate Judge did not err in doing so.